UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MI FAMILIA VOTA, AMERICAN GI FORUM, LA UNION DEL PUEBLO ENTERO, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON, INC., TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS, EMELDA MENENDEZ, GILBERTO MENENDEZ, JOSE OLIVARES, FLORINDA CHAVEZ, and JOEY CARDENAS,** | § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas,* **JOSE A. ESPARZA,** *in his official capacity as Deputy Secretary of the State of Texas,* | § § § § § § § | **EP-21-CV-00259-DCG-JES-JVB**<br>**[Lead Case]** |
| *Defendants.* | § § | |
| **DAMON JAMES WILSON,** *for himself and on behalf of all others similarly situated,* | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | |
| **STATE OF TEXAS, GREG ABBOTT,** *in his official capacity as Governor of the State of Texas,* **TEXAS SPEAKER DADE PHELAN,** *in his official capacity as Speaker of the Texas House or Representatives,* | § § § § § § | **Case No. 1:21-CV-00943-RP-JES-JVB**<br>**[Consolidated Case]** |

- 1 -

| | | |
|---|---|---|
| **TEXAS LIEUTENANT GOVERNOR DAN PATRICK,** *in his official capacity as Lieutenant Governor and Presiding Officer of the Texas Senate,* **and JOSE A. ESPARZA,** *in his official capacity as Deputy Secretary of the State of Texas,*<br><br>          *Defendants.* | § § § § § § § § | |
| **VOTO LATINO, ROSALINDA RAMOS ABUABARA, AKILAH BACY, ORLANDO FLORES, MARILENA GARZA, CECILIA GONZALES, AGUSTIN LOREDO, CINIA MONTOYA, ANA RAMÓN, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS, ANGEL ULLOA, and MARY URIBE,**<br><br>          *Plaintiffs,*<br>v.<br><br>**JOHN SCOTT,** *in his official capacity as Texas Secretary of State,* **and GREG ABBOTT,** *in his official capacity as Governor of the State of Texas,*<br><br>          *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | **Case No. 1:21-CV-00965-RP-JES-JVB**<br>**[Consolidated Case]** |
| **MEXICAN AMERICAN LEGISLATIVE CAUCUS,** *Texas House of Representatives,*<br><br>          *Plaintiff,*<br>v.<br><br>**STATE OF TEXAS, GREG ABBOTT,** *in his official capacity as Governor of the State of Texas,* **and JOHN SCOTT,** *in his official capacity as Secretary of the State of Texas,*<br><br>          *Defendants.* | § § § § § § § § § § § § § § | **Case No. 1:21-CV-00988-RP-JES-JVB**<br>**[Consolidated Case]** |

| | |
|---|---|
| ROY CHARLES BROOKS, FELIPE GUTIERREZ, PHYLLIS GOINES, EVA BONILLA, CLARA FAULKNER, DEBORAH SPELL, and BEVERLY POWELL,<br><br>*Plaintiffs,*<br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of the State of Texas,*<br><br>*Defendants.* | Case No. 1:21-CV-00988-RP-JES-JVB<br>[Consolidated Case] |
| TEXAS STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiff,*<br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of the State of Texas,*<br><br>*Defendants.* | Case No. 1:21-CV-01006-RP-JES-JVB<br>[Consolidated Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, OCA-GREATER HOUSTON, NORTH TEXAS CHAPTER OF THE ASIAN PACIFIC ISLANDER AMERICANS PUBLIC AFFAIRS ASSOCIATION, EMGAGE, KHANAY TURNER, ANGELA RAINEY, AUSTIN RUIZ, AYA ENELI, SOFIA SHEIKH, JENNIFER CAZARES, NILOUFAR HAFIZI, LAKSHMI RAMAKRISHNAN, AMATULLA CONTRACTOR, DEBORAH CHEN, ARTHUR RESA, SUMITA GHOSH, and ANAND KRISHNASWAMY, | Case No. 1:21-CV-01038-RP-JES-JVB<br>[Consolidated Case] |

|                                                                                                                                                                                                   |                       |
| --- | --- |
| *Plaintiffs*, | § |
| v. | § |
|  | § |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, **and JOHN SCOTT,** *in his official capacity as Secretary of the State of Texas*, | § § § § |
|  | § |
| *Defendants.* | § |

## ORDER CONSOLIDATING CASES

Before the Court is Defendants Greg Abbott and Jose A. Esparza's ("Defendants") "Partially Opposed Motion to Consolidate" ("Motion") (ECF No. 7), filed on November 10, 2021. Therein, Defendants seek consolidation of the following cases into the above-captioned matter: (1) *Wilson v. Texas*, No. 1:21-CV-00943 (W.D. Tex.); (2) *Voto Latino v. Scott*, No. 1:21-CV-00965 (W.D. Tex.); (3) *MALC v. Texas*, No. 1:21-CV-00988 (W.D. Tex.); and (4) *Brooks v. Abbott*, No. 1:21-CV-00991 (W.D. Tex.). Additionally, two more redistricting cases have been filed and are considered in this Order: *Texas State Conference of the NAACP v. Abbott*, No. 1:21-CV-01006 (W.D. Tex.) and *Fair Maps Texas Action Committee v. Abbott*, No. 1:21-CV-01038 (W.D. Tex.).

For the reasons that follow, the Court will **GRANT** Defendants' Motion. The Court will also *sua sponte* consolidate *Texas State Conference of the NAACP v. Abbott*, No. 1:21-CV-01006 (W.D. Tex.) and *Fair Maps Texas Action Committee v. Abbott*, No. 1:21-CV-01038 (W.D. Tex.) into this case.

### I. BACKGROUND

On October 18, 2021, the Texas Legislature passed bills reapportioning districts for the Texas Senate, Texas House, Texas State Board of Education ("SBOE"), and Congress. Texas

Governor Greg Abbott signed the bills into law on October 25, 2021. Numerous organizations and individuals have filed lawsuits challenging the new maps under various legal theories.

The instant case is one such challenge. The *LULAC* Plaintiffs filed this action on October 18, 2021, challenging the State Senate, House, and SBOE maps as well as the congressional map as violating the Fourteenth Amendment Equal Protection Clause and Section 2 of the Voting Rights Act. More cases were soon filed. Those relevant to this Order, all being in the Western District of Texas, are as follows:

| **Case** | **Date Filed** | **Maps Challenged** |
|---|---|---|
| *Wilson v. Texas*, No. 1:21-CV-00943 | October 18, 2021[1] | Congress (Residency of Inmates) |
| *Voto Latino v. Scott*, No. 1:21-CV-00965 | October 25, 2021 | Congress |
| *MALC v. Texas*, No. 1:21-CV-00988 | November 3, 2021 | House<br>Senate<br>Congress |
| *Brooks v. Abbott*, No. 1:21-CV-00991 | November 3, 2021 | Senate District 10 |
| *Texas State Conference of the NAACP v. Abbott*, No. 1:21-CV-01006 | November 5, 2021 | House<br>Senate<br>Congress |
| *Fair Maps Texas Action Committee v. Abbott*, No. 1:21-CV-01038 | November 16, 2021 | House<br>Senate<br>Congress |

Prior to filing their Motion, Defendants had filed a similar motion for consolidation in *Gutierrez v. Abbott*, No. 1:21-CV-00769 (W.D. Tex. 2021). The three-judge panel in *Gutierrez* denied that motion on November 9, 2021. *Id.*, ECF No. 27. The court explained that "[d]espite

---

[1] *Wilson v. Texas* was filed a few hours after *LULAC v. Abbott*, making *LULAC v. Abbott* the first-filed case.

the first-to-file rule, this case is not the proper anchor for any redistricting cases that have been brought in regard to the Texas Legislature's 2021 statewide redistricting" because the plaintiffs challenged last decade's redistricting plans, not the ones Texas enacted in 2021. *Id.*

The following day, on November 10, 2021, Defendants filed the present Motion before this Court. Defendants seek consolidation of the above-referenced redistricting cases into this case, *LULAC v. Abbott*, No. 3:21-CV-00259 (W.D. Tex.). Plaintiffs in the *LULAC*, *Brooks*, and *MALC* cases do not oppose. *See* Mot., ECF No. 7 at 11 (*LULAC*); ECF No. 13 (*Brooks*); ECF No. 14 (*MALC*). The *Wilson* Plaintiff and the *Voto Latino* Plaintiffs filed briefs in opposition to the Governor's Motion.[2]

## II. ANALYSIS

Federal Rule of Civil Procedure 42 permits consolidation when "actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Consolidation is "used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984). The Fifth Circuit has urged district judges "to make good use of Rule 42(a)" under appropriate circumstances. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Finally, "[a] district court is permitted to order consolidation pursuant to

---

[2] In reality, the *Wilson* Plaintiff does not oppose consolidation; rather, Plaintiff opposes the case being venued in El Paso, Texas. ECF No. 10 at 3. Plaintiff argues that *forum non conveniens* warrants denial of Defendants' Motion, but requests that the Court *sua sponte* transfer venue of *LULAC v. Abbott*, No. 3:21-CV-259-DCG-JES-JVB (W.D. Tex.) and consolidate it with one of the redistricting cases pending in Austin, Texas.

The *Voto Latino* Plaintiffs take the position that consolidation is improper because the *Voto Latino* and *LULAC* cases are before different courts. Their primary argument is that the *Voto Latino* case is properly before a single district judge, not a three-judge panel, and therefore the cases are in different courts and cannot be consolidated. ECF No. 14 at 1–9. In one sentence, the *Voto Latino* Plaintiffs also indicate their support for the *Wilson* Plaintiff's position. *Id.* at 9–10.

Federal Rule of Civil Procedure 42(a) *sua sponte*." *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018).

Citing *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir. 1993), Magistrate Judge Richard B. Farrer aptly described consolidation factors:

> (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy.

*Holmes v. City of San Antonio*, No. 5:21-CV-00274-FB-RBF, 2021 WL 2878551 (W.D. Tex. Mar. 30, 2021). One factor can be added to the list: the stage of litigation each case is at, relative to "preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989).

In the various referenced proceedings, only the *Voto Latino* Plaintiffs oppose consolidation. All other relevant parties support consolidation. The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stages of litigation. Therefore, *Wilson v. Texas*, No. 1:21-CV-00943 (W.D. Tex.), *Voto Latino v. Scott*, No. 1:21-CV-00965 (W.D. Tex.), *MALC v. Texas*, No. 1:21-CV-00988 (W.D. Tex.), and *Brooks v. Abbott*, No. 1:21-CV-00991 (W.D. Tex.) are hereby consolidated with *LULAC v. Abbott*, No. 3:21-CV-00259 (W.D. Tex.).

Having considered consolidation of the cases Defendants referred to in their Motion, the Court turns to the two additional redistricting cases filed in the Western District of Texas: *Texas State Conference of the NAACP v. Abbott*, No. 1:21-CV-01006 and *Fair Maps Texas Action*

*Committee v. Abbott*, No. 1:21-CV-01038. As with the redistricting cases discussed above, the Court finds that the factors weigh in favor of consolidating these two actions with *LULAC v. Abbott*, No. 3:21-CV-00259 (W.D. Tex.). Therefore, the Court will *sua sponte* consolidate these cases.

The consolidated cases remain before this Court. For the consolidated case, the three-judge panel, which will decide all matters, is Judge David C. Guaderrama, Judge Jerry E. Smith, and Judge Jeffrey V. Brown. The Court declines to *sua sponte* change venue to the Austin Division of the Western District of Texas, as requested by the *Wilson* Plaintiff. First, no other plaintiffs in the consolidated cases, and more importantly, no defendants (who will likely have the most witnesses and be in possession of most of the evidence) have indicated opposition to consolidation before the El Paso Division of the Western District of Texas.[3] Mot., ECF No. 7 at 10–11. Second, the *LULAC* Court has a substantive motion pending before it, which is not true of all of the other consolidated cases. Third, the docket in the El Paso Division may be better situated to handle the redistricting cases than the docket in the Austin Division. Thus, the Court declines to, at the request of the *Wilson* Plaintiff, *sua sponte* transfer venue to the Austin Division.[4]

---

[3] In a brief filed in the *Voto Latino* case, Defendants further reiterate that they do not oppose consolidation before the *LULAC* Court. *Voto Latino v. Scott*, No. 1:21-CV-00965 (W.D. Tex.), Defs.' Resp. to Pls.' Mot. for Recons. and Reply in Supp. Defs.' Mot. to Consolidate, ECF No. 21, at 1 n.1. It is true that Defendants also do not oppose consolidation before another of the Western District of Texas three-judge panels with a pending redistricting case, *id.*, but Defendants' Motion for Consolidation is appropriately before this Court per the first-to-file rule, *see Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).

[4] The parties are advised, however, that despite the assignment to the El Paso Division, the three-judge panel may decide to hold hearings or trials in El Paso or at any appropriate venue or venues in the State of Texas, depending on the circumstances and needs at any particular time.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Greg Abbott and Jose A. Esparza's "Partially Opposed Motion to Consolidate" (ECF No. 7) is **GRANTED**.

**IT FURTHER ORDERED** that the above-styled cases are **CONSOLIDATED** for all purposes, under Federal Rule of Civil Procedure 42(a)(2). The three-judge panel is Judges David C. Guaderrama, Jerry E. Smith, and Jeffrey V. Brown. The lead case is *LULAC v. Abbott*, No. 3:21-CV-00259 (W.D. Tex.) (i.e., the first-filed case). All future pleadings, motions, or other documents should be filed under that cause number.

**IT IS FURTHER ORDERED** that all counsel representing the plaintiffs in these consolidated cases shall confer and, within seven (7) days, propose liaison counsel who will serve as the attorney with whom the Court and other parties may communicate on all matters concerning the respective plaintiffs.

So **ORDERED** and **SIGNED** on this 19th day of November 2021 on behalf of the **Three-Judge Panel.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE